IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| WILLIAM J. & DONNA M. KOVARIK, | ) | CASE NO. BK08-40356-TLS |
| | ) | |
| Debtor(s). | ) | CH. 7 |

## ORDER

     Hearing was held in Lincoln, Nebraska, on August 7, 2008, on the Chapter 7 trustee's motion to avoid lien of Aliant Credit Union (Fil. #16) and objection by the credit union (Fil. #18).[1] Joseph H. Badami appeared as the Chapter 7 trustee, and Joel Lonowski appeared for Aliant Credit Union.

     The debtors filed their Chapter 7 bankruptcy petition on February 20, 2008. The debtors' schedules list a 2002 Chevrolet Venture van, securing a debt to Aliant Credit Union. The Chapter 7 trustee's investigation indicates the debtors acquired the van on November 29, 2007, and the credit union noted its lien on the vehicle title on January 8, 2008. That date was less than 90 days prior to the petition date and more than 30 days after the debtors took possession of the van. Therefore, the trustee argues, Aliant's lien is avoidable under 11 U.S.C. § 547(c)(3)(B)[2].

     Aliant loaned money to Mr. Kovarik in 2005 to purchase a 2001 Ford Windstar van, in which it took a security interest. That vehicle was later extensively damaged, and the insurance company issued the proceeds of the claim to Mr. Kovarik in November 2007. The debtors then purchased the 2002 Chevrolet Venture van at issue here. The seller did not timely produce a title for the van. Title was issued on January 2, 2008, and Aliant promptly noted its lien on said title. Aliant and the debtors also executed a "request for release of security" whereby Aliant released its security interest in the wrecked vehicle and substituted a security interest in the 2002 Chevy van.

     At the hearing on this motion, the court requested additional evidence from the credit union to establish that its security interest in the 2001 Ford van continued into the insurance proceeds and

---

    [1]While a proceeding to determine the validity, priority, or extent of a lien is an adversary proceeding, Fed. R. Bankr. P. 7001, the parties have agreed that the court may hear and decide this motion and treat it as an adversary proceeding.

    [2]That subsection provides:

    (c) The trustee may not avoid under this section a transfer –

. . .

        (3) that creates a security interest in property acquired by the debtor –

        . . .

         (B) that is perfected on or before 30 days after the debtor receives possession of such property[.]

the 2002 Chevy van. Aliant filed an affidavit with a copy of the debtors' insurance policy declarations page showing that Aliant is a loss payee on the 2002 Chevy van. The trustee objects to this supplemental affidavit as irrelevant to establishing the credit union's interest in the insurance proceeds on the 2001 Ford van.

The trustee is correct. There is no evidence before the court that Aliant's security interest in the 2001 vehicle continued through the insurance proceeds and into the 2002 van. Instead, it appears Aliant took a security interest in the 2002 van and noted its lien on the vehicle's title in January 2008, more than 30 days after the debtors received possession of the vehicle and outside of the safe harbor provision of the preference statute. Therefore, the trustee's motion is granted.

IT IS ORDERED: The Chapter 7 trustee's motion to avoid the lien of Aliant Credit Union under 11 U.S.C. § 547(c)(3)(B) (Fil. #16) is granted. Aliant's lien on the debtors' 2002 Chevrolet Venture van is avoided.

DATED:	August 20, 2008

BY THE COURT:

Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Joseph H. Badami
    Joel Lonowski
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.